## CHAFIN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 17, 1925.)

No. 2331.

**1. Judges ⊚⟃51(3) — Affidavits of bias and prejudice held sufficient.**

In prosecution of sheriff for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), affidavits, imputing to presiding judge indecorous remarks indicative of a purpose to convict defendant of illicit traffic in intoxicating liquors and condemning defendant as sheriff for failure to enforce prohibition laws, held sufficient under Judicial Code, § 21 (Comp. St. § 978), requiring affidavits of bias and prejudice to state the facts and the reasons for the belief that such bias or prejudice exists.

**2. Judges ⊚⟃51(4)—Facts stated in affidavit of bias and prejudice acted upon as if true.**

Facts stated in affidavit of bias or prejudice, under Judicial Code, § 21 (Comp. St. § 978), must be acted upon as if true and cannot be controverted.

**3. Judges ⊚⟃51(2)—Statute prescribing time for filing of affidavit of prejudice and bias construed.**

Under Judicial Code, § 21 (Comp. St. § 978), affidavit of bias or prejudice, where indictment is found less than 10 days before commencement of term, must be filed as soon as practicable before the term begins, or where indictment is found after term has begun, as soon as disqualifying facts are known, or good cause shown for delay.

**4. Judges ⊚⟃51(2)—Refusal to allow defendant to file, on day of trial, affidavits of prejudice stating facts known to defendant for two weeks, held not error.**

Refusal to allow defendant, on day of trial, to file affidavits of prejudice stating facts of which the defendant had had knowledge for two weeks before day of trial, held not error under Judicial Code, § 21 (Comp. St. § 978).

**5. Judges ⊚⟃51(2)—Challenge for prejudice must be made at first opportunity after discovery of facts, in absence of statute.**

In the absence of a statute, a challenge to a judge for bias and prejudice must be made at the first opportunity after discovery of facts tending to prove disqualification.

**6. Criminal law ⊚⟃279—Plea in abatement attacking legality of grand jury, not filed until day of trial, held properly overruled.**

Plea in abatement on ground that indictment had been found by illegally constituted grand jury under Judicial Code, § 282 (Comp. St. § 1259), not filed until day of trial, held properly overruled, in absence of allegations excusing failure to make earlier objection.

**7. Criminal law ⊚⟃280(2)—Plea in abatement, attacking legality of grand jury, held defective for failure to show how defendant was prejudiced.**

Plea in abatement, attacking legality of grand jury and stating that method of drawing grand jurors was prejudicial to defendant, held defective for failure to show how defendant was prejudiced.

**8. Criminal law ⊚⟃396(1)—Testimony as to statement made by defendant held not rendered competent by testimony for government as to different statement.**

In prosecution for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), defendant's statement tending to show that he was not connected with saloon was not made competent by testimony for the government that defendant had made a different statement tending to prove that he did have an interest.

**9. Criminal law ⊚⟃345—Evidence as to establishment of place to sell liquor before enactment of prohibition act held admissible.**

In prosecution for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp.

1923, § 10138¼ et seq.), testimony as to establishment of place for sale of liquor by agreement between defendant and other person before enactment of Prohibition Act *held* admissible, in view of other evidence that the parties carried the agreement into effect and continued to operate the place after passage of act.

**10. Criminal law ⬳762(2)—Court's expression of opinion as to weight of testimony held not error.**

Court's comment on testimony, in which he expressed opinion that officers who had violated their official oaths were entitled to little credit as witnesses, *held* not error, in view of explicit and repeated charge that jurors were not bound by court's opinion and should put their own estimate on testimony.

In Error to the District Court of the United States for the Southern District of West Virginia, at Huntington.

Don Chafin was convicted of conspiracy to violate the National Prohibition Act, and he brings error. Affirmed.

F. C. Leftwich and John H. Holt, both of Huntington, W. Va. (John S. Marcum and Holt, Duncan & Holt, all of Huntington, W. Va., on the brief), for plaintiff in error.

Elliott Northcott, U. S. Atty., of Huntington, W. Va., Mabel Walker Willebrandt, Asst. Atty. Gen., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Lawrence L. McClure, Asst. U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before WOODS and WADDILL, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. The defendant, Don Chafin, was convicted on the charge of conspiring with one Tennis Hatfield to violate the National Prohibition Act by making and carrying into effect an agreement to open and maintain a place for the sale of intoxicating liquors at Barnabus, Logan county, W. Va.

Relying on section 21 of the Judicial Code (Comp. St. § 988), the defendant imputes error to the District Judge of the Southern District of West Virginia in refusing to allow affidavits imputing to him prejudice and bias to be filed, and in proceeding with the trial after the presentation of the affidavits. The section invoked reads:

"Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no

further therein, but another judge shall be designated in the manner prescribed in the section last preceding, or chosen in the manner prescribed in section 23, to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. * * * "

This is the only federal statute relating to the disqualification of a judge for bias or prejudice, and it was evidently intended to cover the whole subject of relief for litigants from the disadvantage of having their causes tried by judges alleged to be prejudiced or biased. The obvious reason for requiring a party to file the affidavit ten days before the beginning of the term was to protect the other party from useless labor and expense of preparation for trial, to protect the public from sudden disarrangement of the court's business, and to prevent delay in the trial of causes.

[1] The term of the court began on September 16, 1924. The indictment was returned September 19. The next day, September 20, defendant appeared and on his motion was admitted to bail for his appearance for trial on October 6. On the morning of that day the case was called for trial, and on request of defendant's counsel was postponed until the afternoon. In the interval, the request of defendant's counsel that the United States attorney consent to a continuance was refused. At the afternoon session defendant by his counsel tendered his own affidavit and affidavits of others averring prejudice and bias of the judge, which on the objection of the United States attorney the District Judge refused to receive or allow to be filed, on the ground that they had not been seasonably presented, and that the purpose of their presentation was to obtain a continuance. In substance, the defendant's affidavit and the supporting affidavits of other persons met the requirements of the statute that "the affidavit shall state the facts and reasons for the belief that such bias and prejudice exists." The affidavit of Thomas B. Davis, made a part of defendant's, imputes to Judge McClintic indecorous remarks made to Davis in March, 1924, indicative of a purpose to convict the defendant Chafin of illicit traffic in

intoxicating liquors. There were other affidavits adopted by defendant, less important, relating to public speeches by Judge McClintic condemning the defendant as sheriff of Logan county and other sheriffs for failing to enforce the prohibition laws.

No showing was presented that the statements of the District Judge alleged to have been made in September, 1923, and March, 1924, relied on as showing prejudice, were not known to the defendant on September 20, 1924, the date he was admitted to bail for his appearance for trial on October 6, nor was any other reason given for the delay in filing the affidavits. When the District Judge announced that he would exclude the affidavits because they were not filed in time, no attempt was made to show by affidavit that the facts were not known to the defendant at the time he appeared and gave bail. On the contrary, the affidavits themselves indicate that the defendant knew of the statements imputed to Judge McClintic in September, 1923, and March, 1924, immediately after they were made. There is no escape from the conclusion that the defendant on September 20, 1924, knew everything alleged to show bias and prejudice of the presiding judge that he knew on October 6 following, and that he delayed presenting his affidavits for sixteen days.

[2] The argument in his behalf is that since he was not indicted until after the September, 1924, term began, and so could not submit his affidavits as required by the statute ten days before the beginning of the term, no diligence in submitting them was required of him. The statute was intended as a privilege and a protection to persons accused of crime and other litigants. It conferred on every party to a cause the right to disqualify any judge on his mere ex parte affidavit of his version of the acts and words of a judge showing prejudice or bias. This does not, of course, mean that any such charge that a party to a cause may choose to make against the judge is presumed to be true in fact. The statute did not contemplate such injustice as that to a judicial officer. But to the end that there should be no controversy or doubt as to the fairness of trials, the statute allows neither the judge, nor the public, nor any party to the cause to controvert anything the affidavit contains which if true would show bias or prejudice. The facts stated in affidavit must be acted upon as if true. Berger v. United States, 255 U. S. 22, 41 S. Ct. 230, 65 L. Ed. 481.

But the statute was not intended to make this right and privilege of removing a judge from the bench unlimited and arbitrary. Its language and spirit require of the defendant, as the price of the privilege bestowed, such diligence in its use as will give the least inconvenience and expense to the opposing party and obstruct as little as possible the due course of the administration of justice. A statute can rarely provide in express terms for all possible contingencies. The Legislatures and the people must depend on the courts to give statutes such interpretation as will express their spirit and tenor, applying them when the case is clearly within the right to be protected or the mischief to be remedied.

The diligence in express terms required of filing the affidavit ten days before the term begins can apply only when the indictment is found at least ten days before the term begins. Nothing is said in express language as to an indictment found within a less number of days before the term begins, or one found after the term begins. Nevertheless we think the true construction of the statute is that it requires the same measure of diligence under differing circumstances. This case itself illustrates the absurd results of a different construction. The case was important, requiring the presence of a number of witnesses and laborious preparation. The defendant, though in possession of all the facts relating to the alleged disqualifying language of Judge McClintic, allowed the government to go on with its preparations and the court to proceed for two weeks, giving no notice until the day of trial that any objection would be made. Thus he prevented the presence of another judge to preside at the trial.

Surely the statute does not mean that if a person is indicted ten days before the term at which his case is to be called for trial begins he must use due diligence to file his affidavit of bias and prejudice of the judge on the very day the indictment is found, but if he is indicted nine days before such term begins no diligence is required, and he may wait possibly several weeks until the case is called for trial before filing his charges against the judge. We cite a few of the many cases holding that the construction of a statute leading to such absurd results will not be adopted. Church, etc., v. United States, 143 U. S. 457, 12 S. Ct. 511, 36 L. Ed. 226; Lau Ow Bew v. United States, 144 U. S. 47, 59, 12 S. Ct. 517, 36 L. Ed. 340; In re Chapman, 166 U. S. 661, 17 S. Ct. 677, 41 L. Ed. 1154; Williams v. U. S. Fidelity Co., 236 U. S. 549, 35 S. Ct. 289, 59 L. Ed. 713; Street v. Lincoln Safe Deposit Co. et al., 254

U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548; note, 5 A. L. R. 996.

[3] The fair and reasonable construction of the statute is that when the indictment is found ten days or more before the term begins at which the case is to be called for trial, the affidavit must be filed ten days before the beginning of the term or good cause shown for the delay; when the indictment is found less than ten days before such term begins, the affidavit must be filed as soon as practicable before the term begins or good cause shown for the delay; when the indictment is found after the term has begun, the affidavit must be filed as soon as the disqualifying facts are known or good cause shown for delay.

Thus construed, the statute affords a party full opportunity to prevent the trial of his case by a judge against whom he can state under oath facts showing bias or prejudice. At the same time it affords to the other party and to the public protection against unnecessary surprise, delay, and expense by requiring the objection to the regular judge to be made in time for another judge to be designated to try the cause.

[4] Here the defendant, in deliberately and unfairly witholding his challenge of the judge until the day of trial, violated both the letter and spirit of the statute and can take no benefit under it. Shea v. United States (Sixth Circuit) 251 F. 433, 163 C. C. A. 451.

[5] The result would be the same if it could be held that the statute covers criminal cases only when the indictment is found at least ten days before the beginning of the term. If there were no statutory requirements, the just and reasonable rule would be that a challenge to a judge for bias and prejudice must be made at the first opportunity after discovery of the facts tending to prove disqualification. Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624; Hyde v. U. S., 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. This is merely requiring of a party the performance of a plain duty to the other litigant and to the public. To hold otherwise would be to allow a litigant to pervert and abuse the right extended to him at the cost to the other party of unnecessary expense and labor and to the public of the unnecessary disruption of the conduct of the courts.

[6, 7] By pleas in abatement the defendant on the day of trial contended the indictment had been found by an illegally constituted grand jury. Twenty-three grand jurors were legally drawn for the term. When only seventeen appeared the court ordered the marshal to summon five additional persons as grand jurors. These five persons were not drawn from the jury box but were summoned by the marshal from the bystanders. The defendant says that since seventeen grand jurors were present the court had no authority to summon others, and that even if less than sixteen had appeared the persons necessary to complete the grand jury could be drawn and summoned only from the jury box and not from the bystanders. To support this position counsel for defendant relied on section 282 of the Judicial Code (Comp. St. § 1259):

"Every grand jury impaneled before any District Court shall consist of not less than sixteen nor more than twenty-three persons. If of the persons summoned less than sixteen attend, they shall be placed on the grand jury, and the court shall order the marshal to summon, either immediately or for a day fixed, from the body of the district, and not from the bystanders, a sufficient number of persons to complete the grand jury. * * * *"

These pleas are disposed of by this language of the Supreme Court in overruling similar pleas based on illegality of the grand jury:

"The original venire was issued November 18; the second venire issued December 2, 1895. The court opened December 3, 1895, and the indictment was returned December 12, yet defendant did not file his plea in abatement until December 17. The plea does not allege want of knowledge of threatened prosecution on the part of defendant, nor want of opportunity to present his objection earlier, nor assign any ground why exception was not taken or objection made before; and, moreover, the plea is fatally defective in that, although it is stated that the drawing 'tended to his injury and prejudice,' no grounds whatever are assigned for such a conclusion, nor does the record exhibit any such." Agnew v. United States, 165 U. S. 36, 45, 17 S. Ct. 235, 41 L. Ed. 624; Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

[8] The evidence of a witness that the defendant had made a statement to him tending to show that he was not connected with the Blue Goose saloon, in which it was alleged defendant was interested with Hatfield, was not made competent by the fact that a witness for the government had testified that about the same time and place the defendant had made a different statement to him tending to prove that he did have an interest.

The declarations of the government wit-

ness Hatfield could not be proved except as a contradiction after laying the proper foundation therefor.

[9] Objection was made to evidence of the establishment of a place for the sale of liquor by agreement between defendant and Hatfield before the enactment of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). This evidence was clearly competent when followed by other evidence that the parties carried the agreement into effect and continued to operate under it after the passage of the National Prohibition Act. Standard Oil Co. v. United States, 221 U. S. 1, 76, 31 S. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734; Heike v. United States, 227 U. S. 131, 145, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128.

[10] Commenting on the testimony of some of defendant's witnesses, in his charge the District Judge expressed his own opinion that the testimony of witnesses, who as officers had violated their oaths to enforce the laws of the state and nation, were entitled to little credit as witnesses, but he explicitly and repeatedly told the jury they were not bound by his opinion and should put their own estimate on the testimony of these and other witnesses.

The District Judge likewise commented upon the nature of the testimony against the reputation of Hatfield, the chief witness for the government. But in this connection, also, both generally and specifically, he told the jury that the weight to be given to that testimony was for them.

In this instance the charge did not go beyond lawful expressions of the judge's own views with the clear direction to the jury to be guided by their own estimate of every witness and of the entire evidence. Simmons v. United States, 142 U. S. 148, 155, 12 S. Ct. 171, 35 L. Ed. 968; Horning v. District of Columbia, 254 U. S. 135, 138, 41 S. Ct. 53, 65 L. Ed. 185.

Affirmed.