In re Frank Arthur GIORGIO, Pauline E. Giorgio, Debtors.

John BOYAJIAN, Trustee, Plaintiff,

v.

Alan J. DeFUSCO and Anita DeFusco, individually and in their capacities as co-executors of the estate of Pasco De-fusco, Defendants.

Misc. No. 85–007–S.
Bankruptcy No. 83–00260.
Adv. No. 84–0016.

United States District Court,
D. Rhode Island.

Jan. 31, 1985.

Boyajian, Coleman & Harrington, John Boyajian, Alan H. Harrington, Andrew Richardson, Providence, R.I., for plaintiffs/trustee.

Desimone & Delsesto, Herbert F. DeSimone, Bruce A. Leach, Herbert F. DeSimone, Providence, R.I., for defendants/movants.

## MEMORANDUM AND ORDER

SELYA, District Judge.

This is a petition to withdraw a so-called adversary proceeding from the Bankruptcy Court for this District pursuant to 28 U.S.C. § 157(d). The statute provides in pertinent part that the District Court "shall, on *timely* motion of a party, withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (Emphasis supplied).[1] The petition also seeks to stay further proceedings in the Bankruptcy Court. This court has reviewed the petition and the opposition and has examined the Bankruptcy

---

1. The initial sentence of § 157(d) provides for discretionary withdrawal. The petitioners made it crystal clear at oral argument that they do *not* presently invoke that clause; they claim withdrawal as a matter of right. Thus, only the latter sentence of § 157(d) is in play here.

Court records. Oral arguments were heard on January 30, 1985.

The Chapter 13 petition which gave rise to the underlying litigation has been pending before the Bankruptcy Court since April of 1983. In January of 1984, the trustee filed the adversary proceeding in question against the present petitioners. The complaint set out four statements of claim: the first two counts alleged causes of action sounding in usury (R.I.G.L. §§ 6–26–2, 4), the third count alleged transgression of state racketeering statutes, *id.*, §§ 7–15–1 et seq., and the fourth count alleged a federal Racketeer Influenced and Corrupt Organizations Act violation. *See* 18 U.S.C. §§ 1961–1968. The complaint has never been amended. The parties agree that Count IV "requires consideration of ... laws of the United States [other than Title 11] regulating organizations or activities affecting interstate commerce." The threshold question presented by this petition is, therefore, whether or not the request for withdrawal is "timely" within the intendment of 28 U.S.C. § 157(d).

The Bankruptcy Court records reflect considerable activity concerning the adversary proceeding during the past 12 months. In February of 1984, the defendants (petitioners here) answered and counterclaimed. Discovery ensued. As early as March of 1984, the docket reflects that the Bankruptcy Judge raised with the parties the possibility of a transfer of the case to the District Court for jury trial. No party so moved. Discovery continued. Various hearings were held. Again, on June 14, 1984, the question of the jury trial was debated. No motions resulted. Additional discovery was undertaken; further hearings eventuated. Subsequent conferences were held before the Bankruptcy Judge on October 11 and on December 27; the tenor of those discussions, as reflected by the docket entries, was geared toward trial of the case in the Bankruptcy Court.[2] In December, the judge scheduled trial to start in the Bankruptcy Court on February 4, 1985.

On January 14, 1985, the instant petition was filed in this court. On the same date, the defendants filed a quadrat of motions in the Bankruptcy Court. Two of these (a motion for abstention and a motion to stay) touched upon the matters here at issue. Both of those motions were heard and denied by the Bankruptcy Judge on January 16. The February 4 trial assignment was vacated in favor of scheduling a Bankruptcy Court hearing on that date on the defendants' newly-filed motion for summary judgment.

The issue of timeliness, in this context, is one of novel impression. The statute is of recent origin, and the reported caselaw has not developed any consistent pattern as to the criteria for timeliness. The sole reported case which has been called to the court's attention is distinguishable, although its tenor tends to favor the trustee's position. *In re Baldwin United Corp.*, 43 B.R. 888, 895 (Bkrtcy.S.D. Ohio 1984) (17 day delay untimely under the particular circumstances). The legislative history is both sparse and unenlightening.

The First Circuit has shown great deference to considerations of punctuality in bankruptcy cases. *Cf. In re Harbour House Operating Corp.*, 724 F.2d 1 (1st Cir.1983). And, this court has counselled in favor of "strict adherence" to time constraints in such matters, lest the courts run at cross purposes to the substantial public interest in the expeditious processing of bankruptcy proceedings. *See In re Greene*, 33 B.R. 1007 (D.D.R.I.1983).

█ In our jurisprudence generally, the word "timely" means "at the first reasonable opportunity." *Long Beach Federal Savings & Loan Ass'n v. FHLBB*, 189 F.Supp. 589, 611 (S.D.Cal.1960). *See In re Rumsey Mfg. Corp*, 9 F.R.D. 93, 97–98 (W.D.N.Y.1949) (collecting cases). The fair

---

**2.** It is represented that the petitioners' lead counsel was ill during late November and December. The court accepts that representation. While unfortunate, it does not change the totality of the circumstances. Associate counsel attended the December 27, 1984 conference. And, there is nothing to indicate that the matter went unattended during his indisposition.

intendment of the statute in question is to insure that the request for withdrawal be filed as soon as practicable after it has become clear that "other laws" of the genre described in 28 U.S.C. § 157(d) are implicated, so as to protect the court and the parties in interest from useless costs and disarrangement of the calendar, and to prevent unnecessary delay and the use of stalling tactics. *Cf. Bishop v. United States,* 16 F.2d 410, 411 (8th Cir.1926). Once it becomes apparent that such an issue is in the case, a party has a plain duty to act diligently—or else, to forever hold his peace. *Cf. Chafin v. United States,* 5 F.2d 592, 595 (4th Cir.1925). As the Fourth Circuit observed in a somewhat analogous context:

> To hold otherwise would be to allow a litigant to pervert and abuse the right extended to him at the cost to the other party of unnecessary expense and labor and to the public of the unnecessary disruption of the conduct of the courts.

*Id.*

█ In the matter at bar, it was at all times evident *from the face of the complaint* that Count IV implicated "other laws of the United States regulating organizations or activities affecting interstate commerce." The statute under which the petitioners are proceeding took effect on July 10, 1984. The petitioners had ample time thereafter in which to make their move. They waited more than a half year. Nothing was done until after the Bankruptcy Judge had targeted an early date for the commencement of trial. The movants have argued that discovery was ongoing. So it was—but no discovery was necessary to illumine the nature of Count IV of the complaint; that was conspicuous on the face of the pleading. On this record, it cannot be said that the petitioners moved "at the first reasonable opportunity"—or even in close temporal proximity therewith. They fiddled whilst the Bankruptcy Court fires burned. As the maxim has it: *tempus enim modus tollendi obligationes et actiones, quia tempus currit contra desides et sui juris contemptores.* The trustee has been prejudiced by their inaction, and further delay cannot be countenanced.

Time is indeed a means of destroying not only obligations and actions, but opportunities as well. The petition for withdrawal was not seasonably filed as required by 28 U.S.C. § 157(d). It is DENIED and DISMISSED.[3]

*So ordered.*

---

**3.** The Bankruptcy Court, of course, has the power and discretion, if it so elects, to sever Count IV and to proceed to trial on the initial three counts of the complaint alone, thereby obviating any immediate problem. But, such a discretionary judgment call is for the Bankruptcy Judge to make, and this court expresses no opinion as to the desirability or nondesirability of such a course of action.