803 F.2d 120
 15 Collier Bankr.Cas.2d 790, Bankr. L. Rep. P 71,518
In re Delores C. BROWN, Debtor.
Delores C. BROWN, Plaintiff,
v.
PENNSYLVANIA STATE EMPLOYEES CREDIT UNION.
Appeal of PENNSYLVANIA STATE EMPLOYEES CREDIT UNION.
 No. 85-5121.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 5, 1986.
Decided Oct. 15, 1986.
 
 James H. Turner (argued), Turner & O'Connell, Harrisburg, Pa., for appellant.
 Anthony DiSanto (argued), Law Office of Raymond Kleiman, Harrisburg, Pa., for appellee.
 Francis J. Capaldo, amicus curiae, Pennsylvania Credit Union League, Harrisburg, Pa.
 Before SEITZ, ADAMS and STAPLETON, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 The Pennsylvania State Employees Credit Union (the "Credit Union") appeals from the district court's order reversing the bankruptcy court and remanding the case for consideration of sanctions under 11 U.S.C. Sec. 362(h).
 
 I.
 
 2
 On May 1, 1984, Delores Brown filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. One of the debts she is seeking to discharge is a debt incurred from a personal line of credit established with the Credit Union.
 
 
 3
 After receiving notice of Brown's bankruptcy petition, the Credit Union sent her a letter detailing its policy towards bankrupt members. The present dispute centers on the following language in the letter:
 
 
 4
 It is the Credit Union's policy to deny future services to members when any portion of the debt is discharged in bankruptcy. However, if the obligation is reaffirmed with court approval, you would remain eligible for services as though the bankruptcy had not occurred.
 
 
 5
 Brown filed a complaint with the bankruptcy court, alleging that this language violates 11 U.S.C. Secs. 362(a)(6), 524(a)(2), and 525, and seeking injunctive relief and damages.
 
 
 6
 The bankruptcy court found that the letter did not violate the Code's antidiscrimination provision, section 525, because this provision applies only to governmental units. It also rejected her claim that the letter was an attempt to collect a discharged debt in violation of section 524(a)(2) on the ground that the section does not require a creditor to continue to do business with a debtor. Finally, although the bankruptcy court found that the letter violated the automatic stay, section 362(a)(6), it refused to impose any damages against the Credit Union because the letter constituted only a technical violation of the provision.
 
 
 7
 The district court reversed the bankruptcy court's decision as to the violation of the automatic stay. The court found that the letter was an attempt to collect on a prepetition debt, and that the attempt was more than a technical violation of section 362(a)(6). After stating that it did not believe punitive damages were appropriate, it remanded the case to the bankruptcy court for a determination of damages under section 362(h).[1]
 
 II.
 
 8
 Before this court may reach the merits of this case, we must determine whether we have jurisdiction over the appeal.[2] Under 28 U.S.C. Sec. 158(d), circuit courts have jurisdiction over bankruptcy cases in which district courts have entered "final decisions, judgments, orders and decrees."
 
 
 9
 We recognize that the courts "have consistently considered finality in a more pragmatic and less technical way in bankruptcy cases than in other cases." In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir.1985). Because of the unique nature of bankruptcy cases, we have often permitted review of orders that are considered interlocutory in other contexts. See, e.g., In re Pacor, Inc., 743 F.2d 984 (3d Cir.1984); In re Marin Motor Oil, Inc., 689 F.2d 445 (3d Cir.1982), cert. denied, 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). By allowing parties to appeal discrete issues within a single bankruptcy proceeding, we have sought to avoid the waste of resources that would result from insisting upon the completion of the proceedings prior to any appeal.
 
 
 10
 Despite the pragmatic approach this court has taken toward bankruptcy appeals, however, we have also expressed our "general reluctance to adopt an expansive interpretation of finality." Amatex, 755 F.2d at 1040; see Marin Motor Oil, 689 F.2d at 448. In this case, the bankruptcy court entered a final order. The district court, however, reversed the bankruptcy court and remanded the case to that court for a determination of damages under section 362(h) of the Bankruptcy Code. In non-bankruptcy cases, an order is not final until both liability and damages are established. Fireman's Fund Insurance Co. v. Joseph J. Biafore, Inc., 526 F.2d 170 (3d Cir.1975). The question before us is whether this traditional rule of finality applies in bankruptcy cases.
 
 
 11
 In Marin Motor Oil, this court held that "when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also final for purposes of section 1293(b)."[3] 689 F.2d at 449. The Marin Motor Oil holding, however, involved a different factual setting from the one in this case. In Marin Motor Oil, the trustee appealed the district court's order granting intervention to a creditor's committee. In hearing the appeal, this court avoided the potential waste of litigation efforts that would have resulted had we reversed the district court after settlement had been reached. Similarly, in Amatex, we permitted an appeal of the district court's denial of a voice for future claimants in the reorganization of an asbestos manufacturer in order to prevent the possibility of wasting several years of bankruptcy proceedings. 755 F.2d at 1040.[4]
 
 
 12
 Marin Motor Oil and Amatex stand for the proposition that this court must consider finality functionally in bankruptcy cases. 755 F.2d at 1039. Because bankruptcy cases involve numerous parties with different claims, the court must consider the practical consequences of delaying resolution of the issue presented. Where the issue is likely to affect the distribution of the debtor's assets, or the relationship among the creditors, the most pragmatic response will usually be to hear the appeal immediately.
 
 
 13
 This does not mean, however, that there are no jurisdictional limits imposed by section 158(d). District courts may hear both final and interlocutory orders from the bankruptcy courts under section 158(a) of the Bankruptcy Code. The circuit courts, on the other hand, are limited to final orders. Congress, therefore, intended to restrict the ability of parties to a bankruptcy proceeding to appeal district court orders.
 
 
 14
 In this case, damages have not been assessed against the Credit Union. If we upheld the district court's order, there is a likelihood that we would be faced with a second appeal in this case. A decision by this court at this time, therefore, may not end the litigation over the Credit Union's alleged violation of the automatic stay.
 
 
 15
 This case is distinguishable from In re Saco Local Development Corp., 711 F.2d 441 (1st Cir.1983). In Saco, the First Circuit held that it could hear a trustee's appeal of a bankruptcy court's ruling on the priority of a creditor, even though the amount of money the creditor would eventually receive was undetermined. The dispute between the creditor and the bankruptcy trustee was decided by the order establishing the creditor's priority. Essential to the court's reasoning was the fact that the creditor had "nothing more to do than await the outcome of third-party litigation." 711 F.2d at 446. In this case, by contrast, the parties may have further litigation in this dispute.
 
 
 16
 Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98 (3d Cir.1981), does not control this case. In Universal Minerals, we permitted an appeal despite the fact the district court had remanded the case to the bankruptcy court for an accounting. One of the primary reasons for finding the finality requirement satisfied was that a reversal of the district court "would be preclusive of any further litigation on the relevant cause of action." 669 F.2d at 101, quoting Cox Broadcasting Co. v. Cohn, 420 U.S. 469, 482-83, 95 S.Ct. 1029, 1039-40, 43 L.Ed.2d 328 (1975).
 
 
 17
 We decline, however, to apply the reasoning of the Universal Minerals court to this case, even though a reversal of the district court would end the litigation. Universal Minerals involved a dispute over whether some property belonged to the debtor. In this case, the debtor brought an action against the creditor seeking damages for a violation of the Bankruptcy Code. The bankruptcy court's decision on the issue will not impact upon the distribution of the debtor's assets. Requiring the parties to resolve fully this dispute does not present the threat of a later appeal undoing years of bankruptcy proceedings.
 
 
 18
 To expand the concept of finality to this case would involve an unwarranted step beyond our cases. The district court's order does not affect either the debtor's estate or the other creditors involved in the bankruptcy proceeding. Therefore, we hold that where a district court's order does not affect the distribution of the debtor's assets or the relationship among the creditors, the traditional finality requirements must generally be satisfied before the order is appealable.
 
 
 19
 The appeal, therefore, will be dismissed.
 
 
 
 [1]
 Section 362(h) of the Code provides that an individual injured by a willful violation of a stay "shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances may recover punitive damages."
 
 
 [2]
 This court has the responsibility to raise the issue of appellate jurisdiction sua sponte. Aetna Insurance Co. v. Newton, 398 F.2d 729 (3d Cir.1968). Because the issue was not raised in either party's brief, we requested the parties to submit supplemental briefs on this issue
 
 
 [3]
 28 U.S.C. Sec. 1293(b) was replaced by 28 U.S.C. Sec. 158(d) when Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, Sec. 104(a), 98 Stat. 333, 341. Because both statutes contain the finality requirement, courts have applied the cases brought under section 1293(b) to section 158(d) cases. See, e.g., In re Commercial Contractors, Inc., 771 F.2d 1373, 1374 n. 1 (10th Cir.1985); In re Stanton, 766 F.2d 1283, 1285 n. 3 (9th Cir.1985). This court has expressed its opinion that section 158(d) did not make a substantive change in the statute. See Pacor, 743 F.2d at 987 n. 4. We, accordingly, will rely on the section 1293(b) cases in this case
 
 
 [4]
 Although Amatex involved an appeal under 28 U.S.C. Sec. 1291, the court relied on the Sec. 1293 cases to inform its decision on the issue of finality