**Judith LAINE, Plaintiff,**

**v.**

**Harry GROSS, et al., Defendants.**

**Misc. No. 91–096–P.**

United States District Court,
D. Maine.

June 26, 1991.

S. Diana Orr, Portland, Me., for plaintiff.

Jens–Peter W. Bergen, Kennebunk, Me., Amy R. Sussman, Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW REFERENCE

GENE CARTER, Chief Judge.

Plaintiff in this adversary proceeding in bankruptcy filed her complaint in the bankruptcy court on October 5, 1990 alleging six grounds for relief. Count VI alleged a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). Defendants filed a motion to dismiss the complaint on January 11, 1991. The motion sought abstention by the bankruptcy court under 28 U.S.C. § 1334(c)(1) and (2), and dismissal pursuant to 28 U.S.C. § 157 for failure to state a claim. In the alternative, the motion sought a transfer of venue under 28 U.S.C. § 1412. In their brief on the motion to dismiss, Defendants argued in part that the bankruptcy court should abstain because section 157(d) provides for mandatory withdrawal of reference to the bankruptcy court of cases "in which resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." By order dated March 26, 1991, the Bankruptcy Court denied the motion to dismiss in all respects, noting that Defendants had improperly raised the issues of abstention and withdrawal of the reference. Defendants have now filed a motion to withdraw the reference or for alternative relief. The other grounds presented in the motion are identical to those raised before the bankruptcy court.

Section 157(d) provides for mandatory withdrawal only "on timely motion of a party." As a leading commentator has stated: "If a motion for withdrawal of reference is not timely made, it will almost certainly be held that the provisions of the second sentence of 157(d) have been waived." 1 Collier Bankruptcy Manual ¶ 3.01(2)(e), at 3–70 (1991). Writing for the District Court of Rhode Island, Judge Selya, in oft-quoted language, explained the concept of timeliness:

> In our jurisprudence generally, the word 'timely' means 'at the first reasonable opportunity'.... The fair intendment of the statute in question [§ 157(d)] is to insure that the request for withdrawal be filed as soon as practicable after it has become clear that 'other laws' of the genre described in 28 U.S.C. § 157(d) are implicated, so as to protect the court and the parties in interest from useless costs

and disarrangement of the calendar, and to prevent unnecessary delay and the use of stalling tactics.... Once it becomes apparent that such an issue is in the case, a party has a plain duty to act diligently—or else, to forever hold his peace.

*In re Giorgio*, 50 B.R. 327 (D.R.I.1985) (citations omitted). When the complaint contains the allegations of "other law" which are the grounds for the motion to withdraw reference, making existence of the issue clear, the filing of the complaint is the point from which timeliness of the motion should be assessed. *Id.; In re IQ Telecommunications, Inc.*, 70 B.R. 742 (N.D.Ill.1987).

■ In this case Count VI of the complaint contained the RICO claim which defendants now argue requires withdrawal of the reference. Thus, it should have been apparent to Defendants in October 1990, when they were served with the complaint, that resolution of the matter would require consideration of both the Bankruptcy Code and "other laws of the United States regulating organizations or activities affecting interstate commerce." Defendants did not file their motion to withdraw the reference until May 3, 1991. Instead, they chose to file a motion to dismiss based on the complaint's alleged failure to state a claim and numerous other procedural grounds. The motion did not seek withdrawal of the reference.

Bankruptcy Rule 5011 makes clear that a motion for withdrawal shall be heard by a district judge, and Defendants are charged with knowledge of that rule. The mention of mandatory withdrawal of the reference as a makeweight in an argument concerning abstention by the bankruptcy court did not turn the motion to dismiss into a motion to withdraw the reference. As the Bankruptcy Judge aptly stated: "Defendants should raise *all* threshold procedural issues in a clear, concise, directed and expeditious manner." Order Denying Defendants' Motion to Dismiss, at 3–4.

This Court, therefore, is faced with a situation in which Defendants failed to seek withdrawal of the reference when, upon service of the complaint, it was clear that they had the same grounds to do so that they now assert. Only after the Bankruptcy Court denied their motion to dismiss, having invested a significant amount of time and energy, did Defendants try another tack and seek withdrawal of the reference.[1] Defendants did not act "as soon as practicable ... so as to protect the court and the parties in interest from useless costs and disarrangement of the calendar, and to prevent unnecessary delay." *In re Giorgio*, 50 B.R. 327. The Court finds, therefore, that the motion for withdrawal of the reference, filed over six months after the alleged necessity for it became apparent, is untimely. The Court will not address the other elements of Defendants' motion since the case remains in the bankruptcy court.

Accordingly, it is *ORDERED* that Defendants' Motion for Withdrawal of the Reference be, and it is hereby, *DENIED*.

SO ORDERED.

---

1. The Court notes that Defendants waited well over a month after the motion to dismiss was denied before filing the motion for withdrawal. This lapse alone might have caused the bankruptcy court to expend needless time on the case if the reference were subsequently withdrawn by the District Court.