### In re GREAT NORTHERN PAPER, INC., Debtor.

Gary M. Growe, as Chapter 7 Trustee of Great Northern Paper, Inc., Plaintiff,

v.

Bangor Hydro–Electric Company, Defendant.

Bankruptcy No. 03–10048.
Adversary No. 04–01156.
CIV.No. 05–MC–3–B–H.

United States District Court,
D. Maine.

Feb. 28, 2005.

Daniel Black, Mintz Levin Cohn Ferris Glovsky & Popeo P.C., Boston, MA, for Great Northern Paper, Inc., Debtor.

Daniel Amory, Drummond Woodsum & MacMahon, Portland, ME, for Gary M. Growe, As Chapter 7 Trustee of Great Northern Paper, Inc., Plaintiff.

Michael Joseph Gartland, Marcus Clegg & Mistretta, P.A., Portland, ME, for Bangor Hydro–Electric Company, Defendant.

## ORDER ON MOTION TO WITHDRAW REFERENCE

HORNBY, District Judge.

Bangor Hydro–Electric moves to withdraw reference of an adversary proceeding

from the Bankruptcy Court, because the adversary proceeding may entail consideration of the Federal Energy Regulatory Commission's ("FERC's") authority over hydro-electric dam benefits. The statute requires that such a motion be "timely." 28 U.S.C. § 157(d). I conclude that the motion here is not timely and therefore **DENY** it.

The statute provides: "The district court shall, *on timely motion of a party,* .. withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* (emphasis added). The parties have not cited any First Circuit cases defining the term "timely" under this statute. There are two district court cases within this Circuit that do address the issue. One is a decision by Judge Gene Carter of this District, *Laine v. Gross,* 128 B.R. 588 (D.Me.1991). It relies heavily upon an earlier decision, *Boyajian v. DeFusco (In re Giorgio),* 50 B.R. 327 (D.R.I.1985), by Judge Selya, then of the District of Rhode Island (now a First Circuit judge). Judge Selya pointed out the lack of precedent and the lack of helpful legislative history on the question. But he observed the need for "strict adherence" to punctuality requirements in bankruptcy cases because of the "substantial public interest in the expeditious processing of bankruptcy proceedings." *Id.* at 328. (I would add to that the observation that in bankruptcy cases perhaps even more than others, time is money, and the passage of time can have a detrimental impact on the bankruptcy court's ability to manage a successful outcome to the proceedings.) Judge Selya drew from other, non-bankruptcy cases, a definition of timely as meaning "at the first reasonable opportunity" and concluded that "[o]nce it becomes apparent that such an issue is in the case, a party has a plain duty to act diligently." *Id.* at 328–29.

In this case the Trustee filed his claim in the adversary proceeding in the Bankruptcy Court on November 3, 2004. He filed an Amended Complaint on December 8, 2004. Bangor Hydro–Electric filed a motion to dismiss the original Complaint in the adversary proceeding in the Bankruptcy Court on December 2, 2004, and filed a subsequent motion to dismiss the Amended Complaint on December 10, 2004. On December 29, 2004, the bankruptcy judge conducted a hearing on the motion. He specifically asked then whether there were any jurisdictional issues, and, other than an issue unrelated to this motion, Bangor Hydro–Electric responded that it had "not raised any in the papers." Tr. of December 29, 2004 Telephone Hr'g 6:21–24 (attached as Ex. D to Bangor Hydro–Electric Co.'s Reply Mem. to Trustee's Opp'n to Bangor Hydro Electric Co.'s Mot. to Withdraw Reference (Docket Item 2)). The bankruptcy judge also inquired whether Bangor Hydro–Electric had requested the district court to withdraw the adversary proceeding from the bankruptcy court, and Bangor Hydro–Electric responded, "[n]ot at this time." *Id.* 9:8–13. The bankruptcy judge denied the motion to dismiss and went on to observe:

I made mention earlier of Section 157(d) of Title 28, the jurisdictional provisions of the Bankruptcy Court. That provision, specifically the second sentence, allows for withdrawal of an action to the district court on a timely request of a party if resolution of the matter requires considerations of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. If the Bangor Hydro had wanted the District court to determine whether Title 11 or Title 16 applied or the extent to which they both may

apply, withdrawal would have been mandatory on a timely request. My understanding of the purpose of that section of 157 is that a party should have the right to have questions involving policy under the Bankruptcy Code and policy under other federal laws determined by an Article III judge if a timely request is made. It's not a jurisdictional provision because, although withdrawal appears to be mandatory, it is dependent upon a timely request, which means that Article III attention may be waived in the absence of a timely request, and it may be waived because the parties believe that the Bankruptcy Court is competent to determine issues which may involve laws beyond Title 11. To the extent that no 157(d) motion has been made, I appreciate the confidence that the parties have shown in the Bankruptcy Court, and I believe that the declaratory judgment action as framed will allow this Court to determine whether or not it may determine enforceability or whether or not the matter should go to FERC.

*Id.* 19:2 to 20:9. Thereafter, on January 10, 2005, Bangor Hydro–Electric filed its Answer to the Trustee's Amended Complaint. Still, it made no section 157(d) motion. Eleven days more passed, until January 21, 2005, before it finally filed a section 157(d) motion to withdraw.

■ Bangor Hydro–Electric says that I should measure its diligence by only the eleven-day period between the filing of its Answer and the filing of its motion because not until its Answer did it inject into the case the FERC review issue that would provide the basis for withdrawing reference. I reject the argument. Bangor Hydro–Electric has long known of the looming issue of FERC's jurisdiction. *See, e.g., Bangor Hydro–Elec. Co. v. Growe (In re Great N. Paper, Inc.)*, 318 B.R. 613, 614

(D.Me.2005) (discussing the Trustee's stay motion in the Bankruptcy Court based on Bangor Hydro–Electric's filing with the FERC, both in August of 2004). Thus, I measure its diligence from the filing of the Trustee's November 3, 2004 complaint that raised the claim as to which Bangor Hydro–Electric wants to raise its FERC defense. It should have raised the section 157(d) motion in response to that complaint, rather than waste the bankruptcy court's time with other issues and engender unnecessary delay. (If the other issues were important, Bangor Hydro–Electric could raise them simultaneously with the section 157(d) motion.) Even after the Bankruptcy Court raised the section 157(d) issue on December 29, Bangor Hydro–Electric did nothing about it. Instead, it filed its Answer without making the motion and waited still another eleven days before finally filing the section 157(d) motion.

■ I recognize that there are a number of district and bankruptcy court cases from jurisdictions outside this Circuit that have been more generous in their definition and analysis of timeliness. *See, e.g., Grandy v. Fox Hills Indus., Inc. (In re Chemetco, Inc.)*, 308 B.R. 339, 341–43 (Bankr.S.D.Ill.2004); *Lifemark Hosps. of La., Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters., Inc.)*, 161 B.R. 21, 27 (E.D.La.1993); *In re Lissner Corp.*, 115 B.R. 604, 609–10 (N.D.Ill.1990); *In re Texaco Inc.*, 84 B.R. 911, 919–21 (S.D.N.Y. 1988). I also recognize the general learning that decisions must be made on a case-by-case basis. But I conclude that Judge Selya had it right, and that strictness is important. This whole dispute has nothing to do with the merits. The only question is which judge will decide the impact of certain federal statutes. That question (*i.e.*, which judge) should be resolved quickly and with minimal expense so that

the parties can get on to the main event, the merits. Even the "case-by-case" analysis of timeliness and the attendant assessment of prejudice hinder attaining that goal, because they encourage uncertainty and additional procedural wrangling and expense, as in this motion filed after the bankruptcy judge thought the issue was resolved.

For those reasons, the motion to withdraw reference is **DENIED**.

**SO ORDERED.**