### In re the SECURITIES GROUP, Debtor.

**Louis LOWIN, Post–Confirmation Administrator of the Estate of the Securities Group, Plaintiff,**

v.

**P.M. ASSOCIATES, et al., Defendants.**

Bankruptcy Nos. 84–433–BK–J–GP, 88–172–Civ–J–12.

Adv. No. 87–305.

United States District Court, M.D. Florida, Jacksonville Division.

March 22, 1988.

George E. Ridge, Jacksonville, Fla., for plaintiff.

Robert L. Young, Orlando, Fla., Roy Babitt, Phillip A. Kantor, New York City, for defendants.

### ORDER

MELTON, District Judge.

This cause is before the Court on the matter of defendants' Motion for Withdrawal of Reference, which was transmitted to this Court from the United States Bankruptcy Court for the Middle District of Florida, pursuant to Bankruptcy Local Rule 107, on February 25, 1988. The pleadings transmitted from the Bankruptcy Court include the present motion, defendants' memorandum in support thereof, and plaintiff's memorandum in opposition to the motion.

The decision whether to withdraw the reference in the present instance depends on the nature of the proceeding at issue. If the Complaint which is the subject of the present motion involves "core proceedings," then the Bankruptcy Court is the statutory forum in which the Complaint should be heard. 28 U.S.C. § 157(b). The Court observes that noncore state law claims are not litigated in the Bankruptcy Court because to do so "would deprive State law claimants of the protections of State law merely because they happened to do business or be injured by a party who later went bankrupt." 130 Cong.Rec. S8893 (daily ed. June 29, 1984) (remarks of Sen. Hatch). In contrast to this incidental relationship between state law claims and the bankrupt's status, "[s]tate law issues that arise in the course of restructuring debtor-creditor rights may be decided by a bankruptcy judge. These are core bankruptcy proceedings." 130 Cong Rec. EII09 (daily ed. March 20, 1984) (remarks of Rep. Kastenmeier). Consequently, the Court must examine carefully the nature of the claims at issue.

Plaintiff filed an original Complaint in the Bankruptcy Court on December 18, 1987. For the purpose of deciding the motion to withdraw reference, the Court accepts as true the allegations of the Complaint. Defendants were limited partners in The Securities Group, a limited partnership formed pursuant to New York law. Defendants agreed to liability in a set amount subject to call by the partnership. In 1983, defendants received return of their capital contributions through the sale of their partnership interests pursuant to a tender offer made by TSG Partners. Plaintiff is the Post–Confirmation Administrator of the estate of The Securities Group 1980, which filed a voluntary petition for bankruptcy in 1984. Plaintiff unsuccessfully made a written call on the partnership agreement subsequent to the filing of the bankruptcy petition. The Complaint seeks to reclaim the returned capital contributions and to secure amounts alleged to be owing as additional contributions subject to call.

On its face, the Complaint suggests an action that could be characterized as the adjustment of the debtor-equity security holder relationship or for turnover property of the estate. Both kinds of action are core proceedings. *See* 28 U.S.C. §§ 157(b)(2)(O); 157(b)(2)(E). The reasoning expressed in *In re Lion Capital Group,* 46 B.R. 850,

855–56 (Bankr.S.D.N.Y.1985), is particularly persuasive on this issue. It appears that the state law issues present in the Complaint are the kind regularly decided in the Bankruptcy Court in order to restructure debtor-creditor rights.

Further, the exercise of Bankruptcy Court jurisdiction in this matter is anything but incidental to the causes of action. Unlike the case in which a cause of action that existed prior to bankruptcy is brought into the federal forum by the filing of the petition, this case appears to involve two causes of action that arose precisely because the bankrupt became insolvent. The fact that the events that gave rise to the causes of action occurred prior to the filing of the petition does not change the essential nature of the proceedings. Thus, the Bankruptcy Court's exercise of jurisdiction over the Complaint is not simply the resulting misfortune of one doing business with an entity which went bankrupt.

Of course, the Court makes the instant determination based on the Complaint, not on the basis of a record developed in the full course of litigation. The Court does not foreclose the possibility that new facts developed during trial of this matter in the Bankruptcy Court may suggest that the causes of action are noncore proceedings. In that instance, any appeal of the Bankruptcy Court's judgment may raise the issue of the standard of review to be applied, provided that the arguments rely on newly developed facts not presented to the Court in the present motion. The Court finds nothing in the record at this time to suggest that the reference to the Bankruptcy Court should be withdrawn. Accordingly, it is

ORDERED AND ADJUDGED:

1. That defendants' Motion for Withdrawal of Reference is hereby denied; and

2. That the Clerk of the Court shall forthwith transmit to the Clerk of the Bankruptcy Court the matters originally transmitted to this Court, together with a copy of this order.