In re the **SECURITIES GROUP 1980, Debtor.**

**Louis LOWIN, Trustee of the Estate of the Securities Group, 1980, Plaintiff,**

v.

**DAYTON SECURITIES ASSOCIATES, Defendant and Third–Party Plaintiff,**

v.

**Louis LOWIN, Chapter 11 Trustee of the Securities Groups, Counterclaim Defendant**

and

**Kenneth T. Kaltman, et al., Third–Party Defendants.**

**Bankruptcy Nos. 84–431–BK–J–GP, 88–144 Civ–J–12. Adv. No. 85–214.**

United States District Court, M.D. Florida, Jacksonville Division.

March 23, 1988.

George E. Ridge, Jacksonville, Fla., for plaintiff.

Ira Rubin, Dayton, Ohio, for defendant and third-party plaintiff Dayton Sec. Assocs.

Roy Babbitt, New York City, for third-party defendants PM Assocs., et al.

Robert L. Young, Orlando, Fla., for third-party defendants Aircraft Invest. Assocs., et al.

## ORDER

MELTON, District Judge.

This cause is before the Court on the matter of the Motion for Withdrawal of Reference filed by defendant Dayton Securities Associates and certain third-party defendants (collectively "defendants"), which was transmitted to this Court from the United States Bankruptcy Court for the Middle District of Florida, pursuant to Bankruptcy Local Rule 107, on February 18, 1988. The pleadings transmitted from the Bankruptcy Court include the present motion, defendants' memorandum in support thereof, and plaintiff's memorandum in opposition to the motion. On February 23, 1988, defendants sought a stay on further proceedings in the Bankruptcy Court,[1]

---

1. Defendants sought to halt the Bankruptcy ▪▪▪ Court's consideration of a motion for partial

which the Court denied by an order entered that same day. Defendants subsequently secured permission of the Court to submit a reply brief on the present motion, which was filed herein on March 14, 1988.

■ The decision whether to withdraw the reference in the present instance turns on the application of the second sentence of 28 U.S.C. § 157(d). Defendants have rested their argument for withdrawal of the reference solely on the ground that resolution of the proceeding requires consideration of both bankruptcy law and federal law regulating organizations or activities affecting interstate commerce.[2] A threshold issue in application of § 157(d) is the timeliness of the motion to withdraw the reference. "If a motion for withdrawal of reference is not timely made, it will certainly be held that the provisions of the second sentence of section 157(d) have been waived." 1 Collier on Bankruptcy ¶ 3.01[2][e], at 3–63 (15th ed. 1987). The Court finds that the present motion is not timely made and therefore will deny it.[3]

■ The statute does not define timeliness. Bankruptcy Local Rule 107(a) requires that a motion to withdraw proceedings must be filed with the Clerk of the Bankruptcy Court not later than the date set for filing an answer under Bankruptcy Rule 7012, which is thirty days after issuance of the summons, except when a different time is prescribed by the Bankruptcy Court. Although Bankruptcy Local Rule 107(a) became effective January 1, 1987, after the first answer filed by defendants, the Rule applied to the amended answer, counterclaim and third-party complaint filed on July 8, 1987, and the answer, counterclaim and third-party complaint filed on February 8, 1988, in response to the amended complaint.[4]

Measured against Bankruptcy Local Rule 107(a), defendants' motion to withdraw reference is not timely made. "[T]he request for withdrawal [must] be filed as soon as practicable after it has become clear that 'other laws' of the genre described in 28 U.S.C. § 157(d) are implicated. . . ." *In re Giorgio*, 50 B.R. 327, 329 (D.R.I.1985). Defendants' counterclaim filed in July 1987 recognized the presence of "other laws" which gave rise to the right to withdraw the reference.[5] Failure to assert a right to withdrawal of the reference at that time constituted a waiver of the right. *See, e.g., In re IQ Telecommunications, Inc.*, 70 B.R. 742, 746–47 (N.D. Ill.1987); *In re Baldwin–United Corp.*, 57 B.R. 751, 753–55 (S.D. Ohio 1985); *Giorgio*, 50 B.R. at 329; *In re Baldwin–United*

summary judgment against Dayton Securities Associates on the issue of liability. In an opinion dated March 11, 1988, the Bankruptcy Court granted the motion. *In re The Securities Group 1980*, 83 B.R. 826 (Bankr.M.D.Fla.1988).

2. Defendants disavow that they are seeking permissive withdrawal of the reference, although two other apparently related adversary proceedings have sought permissive withdrawal. *See Lowin v. PA Assocs., et al.*, Case No. 88–172–Civ–J–12 (M.D.Fla.); *Lowin v. Lear, et al.*, Case No. 88–173–Civ–J–12 (M.D.Fla.). The Court denied the motion for withdrawal of the reference in those two cases 89 B.R. 189 and 89 B.R. 190. In the instant case, the Court views defendants' position as a waiver of any argument for permissive withdrawal.

3. Plaintiff also raises the issue whether resolution of the proceeding *requires* substantial consideration of federal nonbankruptcy law. Because the Court finds the motion to be untimely, this second consideration is not reached.

4. If Bankruptcy Local Rule 107(a) did not apply directly in this case, the Court would still view it as a reasonable definition of what constitutes a "timely" motion pursuant to § 157(d). Notably, the thirty-day period coincides with the statutory period for filing a petition for removal pursuant to 28 U.S.C. § 1446(b). The so-called mandatory withdrawal of reference is sufficiently analogous to a petition to removal that the latter is a useful source by which to measure withdrawal proceedings.

5. The Court recognizes that the amended answer, counterclaim and third-party complaint were in fact filed by defendant Dayton Securities Associates, with the third-party defendants who join in this motion brought into the proceeding at that time. However, all the interested parties became knowledgable of the presence of federal nonbankruptcy law issues at that time, so the collective reference to "defendants" simplifies, without misdirecting, the inquiry into the timeliness of the present motion.

*Corp.,* 43 B.R. 888, 894–95 & n. 7 (Bankr. S.D.Ohio 1984); *cf. Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 3257, 92 L.Ed.2d 675 (1986) (party may impliedly waive personal right to proceed in Article III tribunal).

Defendants appear to rely on two events to trigger a later date from which to measure the timeliness of their motion to withdraw the reference. First, defendants suggest that their counterclaim based on the Racketeer Influenced Corrupt Organizations Act ("RICO") could not be developed until the conclusion of the trial of Charles Agee Atkins in December 1987. Second, defendants imply that the filing of the amended complaint in January 1988, adding a new cause of action, breathed new life into defendants' right to withdraw the reference. The Court does not find either event to be a convincing reason to revive defendants' lapsed right to withdraw the reference.

Defendants were able to intelligently determine that the proceeding could be withdrawn at the time that they asserted the counterclaims and affirmative defenses which relied on federal securities law. Timeliness must be measured from that date. *Cf. Kirby v. OMI Corp.,* 655 F.Supp. 219, 222 (M.D.Fla.1987) (period for removal commenced by technically invalid service of complaint which showed presence of federal law issues); *Lee v. Altamil Corp.,* 457 F.Supp. 979, 981 (M.D.Fla.1978) (period for removal commenced when defendant adequately placed on notice that amount in controversy exceeded jurisdictional minimum). The subsequent discovery of a viable RICO counterclaim did not extend the period during which a motion for withdrawal of reference could be timely.

Defendants also cannot rely on the amended complaint as a triggering event. The amended complaint added no new grounds for withdrawing the reference, so it does not add to the period for timely filing the motion for withdrawal of the reference. *See In re IQ Telecommunica-* *tions, Inc.,* 70 B.R. at 746; *cf. Wilson v. Intercollegiate (Big Ten) Athletic Ass'n,* 668 F.2d 962, 966 (7th Cir.) (effect of amendments to complaint should be measured against purpose of removal statute), *cert. denied,* 459 U.S. 831, 103 S.Ct. 70, 74 L.Ed.2d 70 (1982); *Clarson v. Southern General Life Ins. Co.,* 694 F.Supp. 847 (M.D.Fla.1987) (amended complaint adding new causes of action did not revive time for removal when federal questions were presented prior to amendment); *Adams v. Western Steel Bldgs., Inc.,* 296 F.Supp. 759, 761–62 (D.Colo.1969) (amendment of claim generally does not revive right to remove).

Having concluded that recent events did not give rise to a new opportunity to seek withdrawal of the reference, the Court finds that defendants should have sought withdrawal when the amended answer was filed in July 1987. Having failed to do so, defendants submitted to the jurisdiction of the Bankruptcy Court for resolution of the federal nonbankruptcy law issues which are present within the adversary proceeding. Accordingly, it is

ORDERED AND ADJUDGED:

1. That the Motion for Withdrawal of Reference filed by Defendant Dayton Securities Associates and certain third-party defendants is hereby denied; and

2. That the Clerk of the Court shall forthwith transmit to the Clerk of the Bankruptcy Court the matters originally transmitted to this Court, together with a copy of this order.