In re the SECURITIES GROUP 1980, Debtor. (Two Cases)

Louis LOWIN, Trustee of the Estate of the Securities Group, 1980, Plaintiff,

v.

DAYTON SECURITIES ASSOCIATES, Defendant and Third–Party Plaintiff,

v.

Louis LOWIN, Chapter 11 Trustee of the Securities Groups, Counterclaim Defendant

and

Kenneth T. Kaltman, et al., Third–Party Defendants.

In re the SECURITIES GROUP, Debtor.

Louis LOWIN, Post–Confirmation Administrator of the Estate of the Securities Group, Plaintiff,

v.

P.M. ASSOCIATES, et al., Defendants.

Louis LOWIN, Post–Confirmation Administrator of the Estate of the Securities Group 1980, Plaintiff,

v.

Norman LEAR, et al., Defendants.

Bankruptcy Nos. 84–431–BK–J–GP, 88–144–Civ–J–12, 84–433–BK–J–GP, 88–172–Civ–J–12, 84–431–BK–J–GP and 88–173–Civ–J–12.

Adv. Nos. 85–214, 87–305 and 87–304.

United States District Court, M.D. Florida, Jacksonville Division.

May 27, 1988.

Alison D. Kennedy, George E. Ridge, Jacksonville, Fla., for plaintiff.

Robert L. Young, Orlando, Fla., for third-party defendants.

## ORDER

MELTON, District Judge.

Defendants and third-party defendants in the three above-styled cases previously sought withdrawal of the references of adversary proceedings before the United States Bankruptcy Court for the Middle District of Florida. The adversary proceedings are consolidated in the Bankruptcy Court, and defendants in Case No. 88–172–Civ–J–12 and Case No. 88–173–Civ–J–12 are third-party defendants in Case No. 88–144–Civ–J–12. In separate orders dated March 22, 1988, 89 B.R. 189, and 89 B.R. 190, and March 23, 1988, 89 B.R. 192, this Court denied the motion for withdrawal of the reference in each case. These defendants and third-party defendants (hereinafter collectively "defendants") now seek reconsideration of the Court's orders denying the motions for withdrawal of the references to the Bankruptcy Court.

The motions for reconsideration share a common thread. Defendants argue that the Court did not correctly resolve their assertion of grounds for mandatory withdrawal of the references pursuant to 28 U.S.C. § 157(d). As to Case No. 88–144–Civ–J–12, defendants argue that the Court incorrectly grouped them with Dayton Securities Associates in deciding that the motion for withdrawal of the reference was filed untimely. As to Case No. 88–172–Civ–J–12 and Case No. 88–173–Civ–J–12, defendants argue that the Court overlooked their assertion of grounds for mandatory withdrawal of the references.

The Court is unpersuaded by defendants' arguments. In Case No. 88–144–Civ–J–12, the Court specifically noted its consideration of defendants' position in the matter. *See* Order dated March 23, 1988, at p. —— n. 5. In Case Nos. 88–172–Civ–J–12 and 88–173–Civ–J–12, the Court rejected, without comment, defendants' assertion of grounds for withdrawal of the references pursuant to § 157. The lack of discussion about that assertion should not be misinterpreted as a lack of consideration of the assertion's merit. Rather, the Court's lack of discussion mirrors the absence of discussion of that assertion in defendants' memoranda in support of the motions for withdrawal of the references.

In an abundance of caution, however, the Court briefly revisits the merits of the motions for the withdrawal of the references, if only to complete the big picture which may have been fragmented by the separate cases treatment given to the motions previously. The Court's orders dated March 22, 1988, and March 23, 1988, are more easily understood in the context of the several adversary proceedings below.

■ In adversary no. 85–214 (Case No. 88–144–Civ–J–12), the presence of issues giving rise to a right of mandatory withdrawal of the reference became apparent in July 1987. When assertion of that right was not made in a timely manner, the right was waived. The waiver, moreover, extended beyond the party raising the federal nonbankruptcy law issues. Section 157(d) empowers "a party" to move for withdraw-

al of the reference, so failure to make the motion at the first opportunity constitutes an implied waiver by all parties involved at that time. Defendants herein were parties to adversary no. 85–214 when federal nonbankruptcy law issues first arose, so their failure to move for withdrawal of the reference at that time constituted a waiver of the right to mandatory withdrawal.

■ In adversary nos. 87–304 and 87–305 (Case Nos. 88–172–Civ–J–12 and 88–173–Civ–J–12), defendants voluntarily submitted to the jurisdiction of the Bankruptcy Court when they moved for consolidation with adversary no. 85–214 without simultaneously seeking withdrawal of the reference. As the Court stated in its order in Case No. 88–144–Civ–J–12, timeliness of the motion for withdrawal of the reference is not defined in the statute and can be judged only in a relative sense. Guidance can be gleaned from the Local Rules and from the removal statute. Additionally, it seems plain that the timeliness of a motion for withdrawal of the reference must be measured by the stage of the proceedings in the Bankruptcy Court. Consolidation of the adversary proceedings appears to be a critical stage. Failure to assert mandatory withdrawal prior to or at that stage left the Bankruptcy Court unable to assess the full impact of its ruling. Moreover, by moving to consolidate with an adversary proceeding which might not be susceptible to withdrawal of the reference, defendants signaled their willingness to submit all issues to the Bankruptcy Court.

Contrary to defendants' rather remarkable argument, the Court found that both the statute and the Constitution permit waiver of the right to mandatory withdrawal of the reference pursuant to § 157(d). The authorities for this proposition are fully set forth in the order dated March 23, 1988, in Case No. 88–144–Civ–J–12. Having decided previously, and having reaffirmed here, that defendants did not timely move for withdrawal of the reference pursuant to § 157(d), the Court again does not visit the issue whether a basis for withdrawal under that statute has been presented. Suffice it to say that in Case

Nos. 88–172–Civ–J–12 and 88–173–Civ–J–12 defendants have not adequately explained the role of federal nonbankruptcy law issues in those adversary proceedings. Indeed, the first instance of any explanation is contained in a reply brief on the present motions, filed on May 5, 1988. This belated and minimal argument on the issue is insufficient to permit a considered judgment on the matter, were it before the Court. Accordingly, it is

ADJUDGED:

That defendants' motions for reconsideration in the above-styled cases are hereby denied.