CONSOLIDATED INDUSTRIES
CORP., Plaintiff,

v.

WELBILT HOLDING COMPANY, Marion Antonini, Daniel Yih, Richard L. Hirsch, David L. Hirsch, Lawrence R. Gross, and Welbilt Corporation, Defendants.

No. 4:99 CV 67 AS.
Proc. No. 98–4022.

United States District Court,
N.D. Indiana,
Hammond Division.

Jan. 5, 2000.

Edward R. Cardoza, Steven C. Ancel, Ancel and Dunlap, Indianapolis, IN, for plaintiff.

Robert K. Stanley, Michael J. Valaik, James J. Ammeen, Jr., Baker and Daniels, Indianapolis, IN, John R. Burns, III, Baker and Daniels, Fort Wayne, IN, J. Joseph Bainton, Ethan D. Siegel, Bainton, McCarthy and Siegel, New York City, for defendants.

**ORDER**

SHARP, District Judge.

This cause is before this court on the motion by the defendants to withdraw the reference to the bankruptcy court, filed July 29, 1999, and on the Honorable Robert E. Grant's recommendation to this court regarding that motion, filed September 8, 1999. The defendants filed a jury demand on June 21, 1999, and then filed their motion to withdraw the reference on July 29, 1999, in contravention of Local

Rule 200.1(c)(2)(a), which requires that a motion to withdraw the reference be filed simultaneously with the jury demand. Judge Grant has recommended that this court deny the motion to withdraw for the defendants' failure to comply with the local rule, and this court finds that recommendation to be well-taken. Therefore, the motion to withdraw the reference is now **DENIED.**

**IT IS SO ORDERED.**

### RECOMMENDATION CONCERNING MOTION FOR WITHDRAWAL OF REFERENCE

Consolidated Industries Corp. ("Consolidated") filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 28, 1998. Welbilt Corporation filed a proof of claim on October 19, 1998 based upon a guaranty agreement between Welbilt Holding Company and Welbilt Corporation (collectively "Welbilt") and Consolidated. Consolidated initiated an adversary proceeding objecting to this claim and asserting counterclaims against Welbilt[1] and five individual defendants. The defendants answered[2] and, in doing so, demanded a jury trial.[3] They subsequently filed a motion to withdraw the reference in this adversary proceeding and to consolidate it with other proceedings.[4] The motion is based upon the proposition that Welbilt Holding and the individual defendants are entitled to a jury trial which the bankruptcy court has no authority to provide. The bankruptcy judge is submitting this recommendation pursuant to N.D.Ind.L.R. 200.1(b)(1)(c).

Although bankruptcy jurisdiction is vested in the district court, 28 U.S.C. § 1334(a) & (b), this district has exercised its authority to refer that jurisdiction to the bankruptcy judges, 28 U.S.C. § 157(a); N.D.Ind.L.R. 200.1. The district court may, however, withdraw that reference "for cause" either on its own initiative or upon the timely motion of any party. 28 U.S.C. § 157(d). If the defendants are entitled to a jury trial, cause exists to withdraw the reference, because the bankruptcy court is not able to provide them with the jury trial they have requested.[5] The parties disagree, however, as to whether the defendants are entitled to such a trial. Consolidated contends that

1. Throughout its pleadings, Consolidated has not distinguished between Welbilt Corporation and Welbilt Holding Company, referring instead only to "Welbilt".

2. Defendants' answer also asserted counterclaims against the debtor and its insurance carriers seeking declaratory relief concerning, inter alia, the existence of insurance coverage and Welbilt's obligations, if any, to those insurers, who have been denominated "additional counterclaim defendants." The court previously expressed concerns about its subject matter jurisdiction over Welbilt's claims against these additional parties. *See* Order of June 25, 1999. By agreement of the parties, all proceedings concerning those claims, "including questions concerning th[e] court's subject matter jurisdiction and defendants' right to prosecute claims against those parties which belong to the estate," have been stayed until "th[e] court has determined the claims between the plaintiff and the originally named defendants." Order of July 29, 1999.

3. Although the answer was submitted on behalf of all the defendants, the jury demand was made only on behalf of Welbilt Holding and the individual defendants. Welbilt Corporation waived any rights to a jury trial by filing a proof of claim in the bankruptcy case. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990).

4. *The defendants' motion to consolidate the actions is premature.* Consolidation should be addressed only if the District Court withdraws the reference in these proceedings.

5. A bankruptcy judge may only preside over a jury trial if it has been authorized and designated to do so by the district court *and* all parties have consented. 28 U.S.C. § 157(e). The bankruptcy judges of this district have not been given this authority. It would not, however, matter. Even if the bankruptcy judges had the authority to preside over jury trials, doing so still requires "the express consent of all the parties" and the defendants have clearly indicated that they have not consented to a jury trial before the bankruptcy judge. As a result, the only place a jury trial can occur is in the district court.

the defendants are not entitled to a jury trial because of the nature of its claims against them and because the defendants have waived any right to a jury trial.

Determining whether an issue arising in a bankruptcy case is triable to a jury is a two-step process. The court must determine whether the matter is properly triable to a jury, based on the nature of the claim and the nature of the relief sought. If so, the court must also consider whether anything has taken place in the bankruptcy case, such as filing a proof of claim, that would affect the right to a jury trial. *See Granfinanciera v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

#### Defendants' Right to a Jury Trial

It is often difficult to identify the precise line between legal actions which carry with them the right to a jury trial and equitable ones which do not. Consequently, litigants debating the issue should state the claims asserted as clearly and precisely as possible in order to facilitate consideration of the issue. Unfortunately, with one exception, the briefs of the parties do not address, as precisely as one might wish, the underlying nature of plaintiff's claims against the defendants and whether they are of the type properly triable to a jury. The one exception concerns a claim for the recovery of a fraudulent conveyance, which is being asserted against Welbilt Holding.

The Supreme Court has concluded that defendants who have not filed a proof of claim in a bankruptcy case are entitled to a jury trial in an action to recover a fraudulent conveyance from them. *Granfinanciera v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Welbilt Holding Corporation has not filed a proof of claim in Consolidated's bankruptcy case. Consequently, the debtor's fraudulent conveyance claim against it would be triable to a jury. In reaching this conclusion, the court recognizes that debtor contends Welbilt Holding is simply the alter ego of Welbilt Corp., which did file a claim; so that neither Welbilt entity is entitled to a jury trial. Nonetheless, the court can see

no good reason why a defendant's right to a jury would be lost simply because the plaintiff contends it is the alter ego of a party that has waived its right to a jury. *Cf. Ross v. Bernhard,* 396 U.S. 531, 539, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970) (in a shareholder's derivative action, the right to a jury trial is not lost because the issue is raised by a shareholder rather than the corporation).

Two claims are asserted against all the defendants which seek to recover for the claimed breach of fiduciary duties they owed to Consolidated, whether as stockholders (Welbilt) or officers and directors (the individual defendants). Consolidated argues that these claims are equitable because they are based upon the defendants' fiduciary obligations. Admittedly, the Seventh Circuit has observed that the Supreme Court recognizes "the possibility that some breaches of fiduciary duty by corporate directors may not be triable to a jury." *Dasho v. Susquehanna Corp.,* 461 F.2d 11, 23 (7th Cir.1972) (citing *Ross v. Bernhard,* 396 U.S. 531, 542–43, 90 S.Ct. 733, 740, 24 L.Ed.2d 729 (1970)). Nonetheless, this statement implicitly recognizes that some claims for the breach of corporate directors' duties *may* be triable to a jury. Indeed, in *Ross,* the Supreme Court concluded that a corporation's action against its directors for damages because of their negligence was triable to a jury. *Ross,* 396 U.S. at 542, 90 S.Ct. at 740.

The defendants argue that the claims against them include claims for negligence. Both the original and the amended objection allege that the individual defendants "breached their duty to act with ordinary care...." (*See, e.g.,* Objection to Claim ¶¶ 29–30; First Amended Objection to Claim ¶¶ 23–24). Although the term "negligence" is not used, a claim asserting a violation of ordinary care ordinarily indicates a claim of simple negligence. *See FDIC v. Gonzalez–Gorrondona, Jr.,* 833 F.Supp. 1545, 1549 (S.D.Fla.1993). Consolidated appears to be asserting a negligence claim against the individual defen-

dants; thus, those defendants would be entitled to a jury trial on those issues.

### Defendants Have Waived Any Right to a Jury Trial

Despite the fact that they might otherwise be entitled to a jury trial, the defendants have waived that right by failing to comply with the local rules of the District Court. Rule 200.1(c) of the Local Rules of the United States District Court for the Northern District of Indiana addresses jury trials in bankruptcy cases. In relevant part, it provides:

> Where jury trials are not permitted before a bankruptcy judge, the party demanding a jury trial shall file a motion to withdraw the proceeding to the district court, in accordance with paragraph (b)(1) of this rule. The motion shall be filed at the same time as the demand for jury trial. Unless excused by the district judge, the failure to file a timely motion to withdraw the proceeding shall constitute a waiver of any right to trial by jury. N.D.Ind.L.R. 200.1(c)(2)(a).

The defendants made their jury demand on June 21, 1999. The motion to withdraw the reference was not filed until July 29, 1999, more than five weeks later. Since the motion to withdraw the reference was not filed at the same time as defendants' jury demand, they have waived any right to a trial by jury.

The defendants initially contend that they have not failed to comply with N.D.Ind.L.R. 200.1(c)(2)(a) because the time for demanding a jury trial has not yet passed. They note, correctly, that plaintiff has filed an amended objection and counterclaim and the time for defendants to respond has not yet expired. This argument overlooks the obvious reality that the defendants have already made a jury demand and failed to seek withdrawal of the

reference "at the same time" they did so. More importantly, it also overlooks the fact that "the amendment [of pleadings] does not revive a right to a jury trial previously waived on the issues already framed by the original pleadings." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2320 at 154 (2d ed.1994). When a pleading is amended, the opportunity to demand a jury trial exists only where the amendment raises new issues of fact as opposed to new theories of recovery.[6] *Id. See also Guajardo v. Estelle,* 580 F.2d 748, 752–53 (5th Cir.1978). Even then, it applies only to the new issues and not to the entire proceeding.

Local rule 200.1(c)(2)(a) specifically recognizes that the district judge may excuse a party's failure to file a motion for withdrawal of the reference at the same time as it files a demand for a jury trial. Defendants do not, however, argue that, for one reason or another, their failure to comply with that requirement should be excused. Instead, they have challenged the validity of the rule itself. Defendants argue local rule 200.1(c)(2)(a) imposes more restrictive requirements upon jury demands than do the applicable federal rules of procedure, *see* Fed.R.Civ.P. Rule 38 and Fed.R.Bankr.P. Rule 9015, thus, it is inconsistent with them. As such, they contend it is beyond the authority conferred by Rule 83(a) of the Federal Rules of Civil Procedure, which requires local rules to "be consistent with" Acts of Congress and the Federal Rules of Civil Procedure. This argument should not succeed. Not only is local rule 200.1(c)(2)(a) consistent with the Federal Rules of Civil Procedure and 28 U.S.C. § 157(d), but it also represents nothing more than a restatement of existing law concerning the necessity and

---

**6.** In its amended objection, Consolidated asserted seven counterclaims against Welbilt and the individual defendants. The original objection contained only three. Unfortunately, the parties have not made an effort to clarify or explain whether or to what extent the counterclaims contained in the amended

objection represent new issues or simply new theories of recovery as to the issues originally raised. Accordingly, the arguments presented do not permit one to determine whether the defendants might still have an opportunity to demand a jury trial as to some aspects of the amended objection.

timing of a motion for withdrawal of the reference based upon a jury demand.

How to accommodate a litigant's right to a jury trial in a forum that is not able to provide one has always presented a bit of a conundrum. The Tenth Circuit addressed this puzzle in *In re Latimer*, 918 F.2d 136 (10th Cir.1990). There, as here, the defendants requested a jury trial after they had been sued to recover fraudulent conveyances made by the debtor. The bankruptcy court denied the request and, on appeal, the district court concluded that defendants waived their right to a jury trial by failing to request a transfer of the action to the district court. The issue was then appealed to the Tenth Circuit, which affirmed. It concluded:

> In the case at bar, defendants requested only a jury trial; they did not request transfer to the district court. Failure to make such a request was a waiver of the right to a jury trial. We hold that *to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request for transfer to the district court. Id.* at 137 (emphasis added).

This is precisely the same requirement stated in local rule 200.1(c)(2)(a). *See also In re Securities Group 1980*, 89 B.R. 192 (M.D.Fla.1988) (defendants should have sought withdrawal at same time they filed counterclaim). Accordingly, with or without that rule, defendants should have filed a motion to withdraw the reference at the same time they demanded a jury trial; the failure to do so waived the right.

Local rule 200.1(c)(2)(a) is not only consistent with the procedures surrounding requests for jury trials, but it is also consistent with the statute governing withdrawal of reference. A party seeking withdrawal of the reference must make a "timely motion" to do so. 28 U.S.C. § 157(d). "In our jurisprudence generally, the word 'timely' means 'at the first reasonable opportunity.'" *In re Giorgio*, 50 B.R. 327, 328 (D.R.I.1985). *See also In re Baldwin–United Corp.*, 57 B.R. 751, 753 (S.D.Ohio 1985). Thus, "the test for time-

liness of a motion to withdraw reference is either as soon as possible, or at the first reasonable opportunity after the moving party has notice of the grounds for withdrawal, depending on the facts of each case." *In re Sevko, Inc.*, 143 B.R. 114, 116 (N.D.Ill.1992). *See also In re Stavriotis*, 111 B.R. 154, 157 (N.D.Ill.1990); *Lissner Corp.*, 115 B.R. 604, 608 (N.D.Ill.1990); *In re Chateaugay*, 104 B.R. 622, 624 (S.D.N.Y.1989); *In re IQ Telecommunications, Inc.*, 70 B.R. 742, 746 (N.D.Ill.1987).

A bankruptcy court may only conduct a jury trial "with the express consent of all the parties." 28 U.S.C. § 157(e). Consequently, particularly when it is not willing to consent to a jury trial before the bankruptcy judge, a party demanding a jury trial will immediately know and is, at the time of making its demand, on notice that withdrawal of the reference will be required. Local rule 200.1(c)(2)(a) simply recognizes this reality and requires the party demanding a jury to seek withdrawal of the reference as soon as it knows there are grounds to do so, which, given the lack of consent, is at the time the demand is made. Thus, the rule adds nothing to the requirements that otherwise exist. Instead, it simply reminds litigants of what, given those requirements, they are already expected to do. As such, it should be held to be a valid exercise of the District Court's rule-making powers and may be enforced.

### Conclusion

Although Welbilt Holding and the individual defendants are entitled to a jury trial as to at least some of the issues raised by debtor's claims against them, they have waived that right by failing to comply with the requirements of N.D.Ind.L.R. 200.1(c)(2)(a). Accordingly, unless the District Judge is inclined to excuse that failure, the bankruptcy judge recommends that the motion for withdrawal of the reference be denied.