**In re CHEMETCO, INC., Debtor.**

**Laura K. Grandy, Trustee, Plaintiff,**

**v.**

**Fox Hills Industries, Inc., Fox Hills Industries Acquisition Co., Inc., Defendants.**

**Bankruptcy No. 01–34066.
Adversary No. 03–3325.**

United States Bankruptcy Court,
S.D. Illinois.

April 8, 2004.

Laura K. Grandy, Mathis, Marifian, Richter and Grandy Ltd., Belleville, IL, for Plaintiff.

Gary L. Vincent, Husch & Eppenberger, LLC, Clayton, MO, for Defendant.

## *OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

The questions before the Court in this adversary proceeding are whether the defendants are entitled to a jury trial of the issues raised in the plaintiff trustee's preference complaint, and whether they have waived such right based on a failure to timely seek withdrawal of the reference to the Bankruptcy Court. The defendants contend that the law is settled that a defendant who has not filed a claim in a bankruptcy case has the right to a jury trial in a preference action brought by the case trustee against the defendant. Since they do not consent to a jury trial in the Bankruptcy Court, they claim entitlement to a transfer to the United States District Court for the purpose of having a jury trial there. The plaintiff does not dispute this argument. Instead, she argues that defendants have waived entitlement to a jury trial by filing an untimely transfer request.

■ The relevant facts are not in dispute. On November 7, 2003, the plaintiff filed a complaint to recover an alleged preferential transfer made by the debtor to the defendants. The defendants answered on January 30, 2004. In their answer, the defendants demanded a jury trial and prayed that "this adversary proceeding be removed to the United States District Court for the South [sic] District of Illinois forthwith." A week later, on February 6, 2004, the defendants filed a motion asking the District Court to withdraw the reference to the Bankruptcy Court. The defendants have not filed a claim against the debtor's estate and do not consent to the Bankruptcy Court conducting a jury trial.[1]

■ This Court agrees with the defendants that they are entitled to a jury trial on the issues raised in the complaint. The Supreme Court has held that a trustee's suit to recover allegedly preferential transfers from a party who has not submitted a claim against the bankruptcy estate is an action at law to recover a monetary transfer and entitles the defending party to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). *See also Matter of Peachtree Lane Associates, Ltd.*, 150 F.3d 788, 798 (7th Cir.1998) (preference defendant is entitled to a jury trial unless defendant has filed a claim in the bankruptcy case or taken other action to submit to the bankruptcy court's equitable powers). The plaintiff's complete silence on this issue can only mean that she concedes that defendants are entitled to a jury trial in a preference action and that they have done nothing to submit to the bankruptcy court's equitable jurisdiction.

■ As a result, the plaintiff is left with the argument that defendants have filed an untimely motion seeking withdrawal of the reference. However, this argument is without merit. The defendants seek permissive withdrawal of the reference pursuant to 28 U.S.C. § 157(d), which allows a district court to "withdraw ... any ... proceeding referred under this section ... on **timely** motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added).[2] While the section does not define "timely," most courts require that motions for permissive withdrawal be filed at the first reasonable opportunity. *See* 9 Collier on Bankruptcy ¶ 5011.01[2], at 5011–9 (15th ed. rev.2003).

Here, the defendants filed an answer that demanded a jury trial and that placed the Court and the plaintiff on notice that a transfer to the District Court was request-

---

1. The authority of bankruptcy courts to conduct jury trials stems from 28 U.S.C. § 157(e), which states:

    If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and **with the express consent of all the parties.**

    28 U.S.C. § 157(e) (emphasis added). The District Court in this district has adopted a local rule specially designating the Bankruptcy Judge to conduct jury trials. *See* S.D. Ill. R. Br9015.1. However, the Bankruptcy Judge may not do so without the express consent of all parties. *Id.* Defendants state in their motion to withdraw the reference that they do not consent to the Bankruptcy Court conducting a jury trial. In addition, none of the parties has filed the statement of consent required by Bankruptcy Rule 9015(b). *See* Fed. R. Bankr.P. 9015(b) (requiring the parties to jointly or separately file a statement of consent if they accede to or desire a jury trial before a bankruptcy judge).

2. Cause for permissive withdrawal is held to include a right to jury trial when the parties do not consent to jury trial before a bankruptcy judge. 9 Collier on Bankruptcy ¶ 5011.01[1][b][i], at 5011–7 (15th ed. rev. 2003).

ed. The answer was followed seven days later by a formal motion to withdraw the reference. The Court finds that the seven-day interval between the jury demand and the filing of the motion for withdrawal falls well within the boundaries of acting at the first reasonable opportunity. In fact, the Court continues to ponder how the seven-day delay has been prejudicial or dilatory because the plaintiff does not offer such explanation. Instead, the plaintiff relies on a technical argument, asserting that the motion to withdraw reference must be filed **simultaneously** with the jury demand in order to be timely. The Court does not find support for this theory in the authority cited by the plaintiff.

■ *In re Sevko, Inc.*, 143 B.R. 114 (N.D.Ill.1992), rather than assisting the plaintiff, rebuts her exacting interpretation of the timeliness requirement of the permissive withdrawal statute. 28 U.S.C. § 157(d). Instead, it illustrates the deciding court's discretion to examine the timeliness of each transfer request on a case by case basis.[3] The *Sevko* court found that a five-month delay in filing a motion for withdrawal fell within its test for timeliness since the motion was filed "either as soon as possible, or at the first reasonable opportunity after the moving party ha[d] notice of the grounds for withdrawal, depending on the facts of each case." *Id.* at 116. Although the moving party had notice of the grounds for a withdrawal motion at least five months prior to filing such a motion, the court held that it would have been imprudent to file the motion earlier, before a particular ruling had been made in the case. *Id.* Moreover, the motion was held to be timely despite the fact that it was filed three weeks after the substantive ruling was issued. *Id.* at 115–16. Nothing in *Sevko* bolsters the argu-

ment that a motion for withdrawal must be filed simultaneously with a jury demand or that a one-week delay in filing the withdrawal motion would be unreasonable.

*Consolidated Indus. Corp. v. Welbilt Holding Co.*, 254 B.R. 237 (N.D.Ind.2000), is equally unhelpful to the plaintiff since it, too, is distinguishable on its facts. The decision arose in a district in which bankruptcy judges were not authorized to conduct jury trials, *id.* at 238 & n. 5, and was dependant on the existence of a local rule requiring a party demanding a jury trial to file a motion to withdraw the reference "at the same time" as the jury trial demand was made. *Id.* at 240 (citing N.D. Ind. L.R. 200.1(c)(2)(a)). Unless excused by the district court, failure to timely move for transfer constituted a waiver of any right to trial by jury. *Id.* The sense of urgency expressed in the *Consolidated Indus.* case appears occasioned by the court's need "to accommodate a litigant's right to a jury trial in a forum that is not able to provide one . . . ." *Id.* at 241. On the other hand, no corresponding local rule, or sense of urgency, exists in the Southern District of Illinois because the Bankruptcy Court in this district is empowered to conduct jury trials. In addition, while the local rule relied upon in *Consolidated Indus.* allowed the district judge discretion to permit an untimely motion for withdrawal of the reference, *id.* at 240, the moving party in that case sought withdrawal of the proceeding more than five weeks after demanding a jury, *id.*, and chose to challenge the validity of the local rule rather than seeking to be excused from the rule's timeliness requirement. *Id.* In contrast, the defendants in the instant case prayed for "remov[a]l to the United States District Court . . . ." in their answer and merely a week later properly

---

**3.** The decision does not address the timeliness of a withdrawal request linked to a jury de-

mand, since no jury demand was ever made in the case.

filed a motion for withdrawal of the reference. The Court does not find the one-week interval between the filing of the motions in this case to be unreasonable or prejudicial. The *Consolidated Indus.* case presents a wholly different set of facts than those before this Court and, therefore, is not persuasive.[4]

*In re Latimer*, 918 F.2d 136 (10th Cir. 1990), is also distinguishable on its facts. Unlike the defendants in the instant case, the defendants in *Latimer* never requested a transfer to the district court. *Id.* at 137. The district court held that they waived their right to a jury trial by failing to seek a transfer to the district court after the bankruptcy court had concluded that it lacked jurisdiction to conduct a jury trial and denied their demand for one. *Id.* The Court of Appeals affirmed that defendants in an adversary proceeding in the bankruptcy court waived their right to a jury trial by making a jury demand without also requesting a transfer to the district court. *Id.* However, nothing in the decision supports plaintiff's conclusion that the requests must be filed simultaneously. To the contrary, the decision indicates that it would have been proper for the defendants to seek transfer to the district court even after their jury demand was denied by the bankruptcy judge. *Id.* The appellate court's instruction that "to avoid waiver, parties seeking a jury trial must combine their request for a jury trial with a request

for transfer to the district court[,]" *id.*, addresses the failure to request withdrawal altogether rather than the timing of the requests. Since defendants in the case at hand did move for withdrawal of the reference, *Latimer* is inapposite.

The Court, accordingly, finds that the defendants are entitled to a jury trial of this preference action and that they have not waived such right due to the timing of their filing of the motion for withdrawal of the reference to the Bankruptcy Court.[5]

---

**4.** The moving party in *Consolidated Indus.* challenged the local rule's requirement for simultaneously filed motions as being beyond the court's rule-making authority because it imposed more restrictive requirements upon jury demands than the applicable federal rules. 254 B.R. at 240 (citing Fed.R.Civ.P. 38; Fed. R. Bankr.P. 9015). To the extent that the *Consolidated Indus.* court upheld the validity of its local rule by finding that the statute governing withdrawal of reference, 28 U.S.C. § 157(d), would also require that a transfer request be filed simultaneously with a jury demand in order to be considered a

"timely motion" within the meaning of the statute, 254 B.R. at 240–41, this Court disagrees with the *Consolidated Indus.* court's rigid interpretation of the statute.

**5.** The plaintiff raises a final argument, if she fails to prevail on her other points, that the case should not be transferred to the District Court until the time of trial. This Court will not address this argument because the decisions of if and when the reference should be withdrawn must be made by the District Court.